**Pete D. ARVIZU et al., Plaintiffs,**

**v.**

**WACO INDEPENDENT SCHOOL DIS-
TRICT et al., Defendants,**

**Patricia Ann BAISEY et al., Plaintiffs-
Appellants,**

**v.**

**The BOARD OF TRUSTEES OF the
WACO INDEPENDENT SCHOOL DIS-
TRICT et al., Defendants-Appellees.**

**No. 73-3080.**

United States Court of Appeals,
Fifth Circuit.

July 8, 1974.

John W. Walker, Little Rock, Ark., Jack Greenberg, Sylvia Drew, New York City, for plaintiffs-appellants.

Minor L. Helm, Jr., Peeler Williams, Jr., Waco, Tex., for defendants-appellees.

Guadalupe Salinas, Edward Idar, Jr., Jim Heidelberg, John E. Serna, San Antonio, Tex., for Pete D. Arvizu.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

On petition for rehearing, the appellee School Board has called our attention to the fact that this court may have misconceived the effect of those provisions of the plan dealing with the desegrega-

tion of the Richfield and Jefferson-Moore High Schools. For the 1973–74 school year, all tenth graders in the Richfield and Jefferson-Moore sector were housed at Richfield High School. Eleventh and twelfth grade students were enrolled at the schools they formerly attended, except that Richfield students were required to attend eleventh grade English and twelfth grade government classes at Jefferson-Moore High School. For the 1974–75 school year, we understood the plan to operate in the same manner as it did in 1973–74, with the only exception being that the temporary consolidation of all tenth graders in the two sectors at Richfield High School was to be terminated.

Our estimation of the effect of the plan for the 1974–75 school year coincided with that of appellant, Arvizu. We quote from the brief of appellant, at 8:

> "The plan provides for discontinuation of the 10th grade at the predominantly Black Jeff-Moore High School for the 1973–74 school Term. Thus no neighborhood facility will exist for Blacks in the 10th grade. After attending the predominantly white Richfield High in 73–74, 10th graders living in the Jeff-Moore zone will return to the predominantly black Jeff-Moore High School for the 1974–75 school terms. Eleventh and twelfth grade black students will, under the Board's plan continue to attend Jeff-Moore on a segregated basis. White 11th and 12th grade students for Richfield High will be transported for a English course in the 11th grade and a civics course in the 12th grade to Jeff-Moore High.

> Beginning in 1975–76 students are projected to attend Jeff-Moore on a full time integrated basis."

In their brief on appeal, the School Board did not clearly and specifically contest this assessment of the plan. However, in their petition for rehearing, they now contend that contrary to our assumption, the tenth and eleventh grades at the two schools will be integrated for the 1974–75 school year, and only the twelfth grades shall remain segregated. If this be true, we modify our opinion to approve the provisions of the plan with respect to the eleventh and twelfth grades at Richfield and Jefferson-Moore High Schools (school years 1973–74 and 1974–75), with the following qualification. Both parties seem to agree that in 1974–75, the twelfth grades at Jefferson-Moore and Richfield High Schools will retain their former segregated identities, but the course pairing utilized for twelfth grade government classes in 1973–74 will not be retained in 1974–75. We conclude that course pairing for the twelfth grade Richfield and Jefferson-Moore High School students must be employed unless the district court finds that this measure is "impractical" under the rationale of Davis v. Bd. of School Commissioners, 402 U.S. 33, 37, 91 S.Ct. 1289, 1292, 28 L.Ed.2d 577, 581 (1971). *See* Arvizu v. Waco Independent School District, 495 F.2d 499, pp. 503–504 (5th Cir. 1974). In all other respects, our opinion remains unchanged.

The petition for rehearing is denied and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure, Local Fifth Circuit, Rule 12), petition for rehearing en banc is denied.